IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-cv-20405-JEM

FABIOLA MUNOZ,

    Plaintiff,

v.

KROME CORNERS, LLC and
BEEZ QUICK STOP CORP.

    Defendants.

_____/

## **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW Defendants KROME CORNERS, LLC and BEEZ KWIK STOP CORP, (incorrectly referred to in the caption as "BEEZ QUICK STOP CORP."), by and through the undersigned counsel, and hereby submits its Answer and Affirmative Defenses to Plaintiff CARLOS BRITO's Complaint, stating in support thereof:

1. Defendants admit the allegations contained within paragraph 1 of Plaintiff's Complaint for jurisdictional purposes only. Defendants deny all other allegations contained within said paragraph, as well as any inferences therefrom.

2. Defendants admit the allegations contained within paragraph 2 of Plaintiff's Complaint for jurisdictional purposes only. Defendants deny all other allegations contained within said paragraph, as well as any inferences therefrom.

3. Defendants admit the allegations contained within paragraph 3 of Plaintiff's Complaint for jurisdictional purposes only. Defendants deny all other allegations contained within said paragraph, as well as any inferences therefrom.

4. Defendants are without knowledge of the allegations contained within paragraph 4 of Plaintiff's Complaint and therefore deny same, as well as any inferences therefrom.

5. Defendants are without knowledge as to the "times material" with respect to Plaintiff's Complaint, but otherwise admit the allegations contained within paragraph 5 of Plaintiff's Complaint.

6. Defendants are without knowledge as to the "times material" with respect to Plaintiff's Complaint, but otherwise admit the allegations contained within paragraph 6 of Plaintiff's Complaint.

7. Defendants are without knowledge as to the "times material" with respect to Plaintiff's Complaint, but otherwise admit the allegations contained within paragraph 7 of Plaintiff's Complaint.

8. Defendants are without knowledge as to the "times material" with respect to Plaintiff's Complaint, but otherwise admit the allegations contained within paragraph 8 of Plaintiff's Complaint.

9. Defendants admit the allegations contained within paragraph 9 of Plaintiff's Complaint to the extent that the subject property is located in Miami-Dade County. Defendants deny the remainder of said allegations as well as any inferences therefrom.

10. Defendants deny the allegations contained within paragraph 10 of Plaintiff's Complaint as well as any inferences therefrom.

11. Defendants deny the allegations contained within paragraph 11 of Plaintiff's Complaint as well as any inferences therefrom.

12. The allegations contained within paragraph 12 of Plaintiff's Complaint are legal conclusions to which no response is necessary. To the extent a response is necessary,

Defendants admit that the ADA prohibits discrimination on the basis of disability.

13. Defendants are without knowledge of the allegations contained within paragraph 13 of Plaintiff's Complaint and therefore deny same, as well as any inferences therefrom.

14. Defendants admit the allegations contained within paragraph 14 of Plaintiff's Complaint.

15. Defendants admit the allegations contained within paragraph 15 of Plaintiff's Complaint.

16. Defendants admit the allegations contained within paragraph 16 of Plaintiff's Complaint.

17. Defendants are without knowledge of the allegations contained within paragraph 17 of Plaintiff's Complaint and therefore deny same, as well as any inferences therefrom.

18. Defendants are without knowledge of the allegations contained within paragraph 18 of Plaintiff's Complaint and therefore deny same, as well as any inferences therefrom.

19. Defendants deny the allegations contained within paragraph 19 of Plaintiff's Complaint as well as any inferences therefrom.

20. Defendants deny the allegations contained within paragraph 20 of Plaintiff's Complaint as well as any inferences therefrom.

21. Defendants admit the allegations contained within paragraph 21 of Plaintiff's Complaint.

22. Defendants are without knowledge of the allegations contained within paragraph 22 of Plaintiff's Complaint and therefore deny same, as well as any inferences therefrom.

23. Defendants are without knowledge of the allegations contained within paragraph 23 of Plaintiff's Complaint and therefore deny same, as well as any inferences therefrom.

24. Defendants deny the allegations contained within paragraph 24 of Plaintiff's Complaint as well as any inferences therefrom.

25. Defendants reassert and reallege their response to paragraphs one through twenty-four of Plaintiff's Complaint as if fully set forth herein.

26. Defendants deny the allegations contained within paragraph 26 of Plaintiff's Complaint as well as any inferences therefrom.

27. Defendants deny the allegations contained within paragraph 27 of Plaintiff's Complaint as well as any inferences therefrom.

28. Defendants deny the allegations contained within paragraph 28 of Plaintiff's Complaint as well as any inferences therefrom.

29. Defendants deny the allegations contained within paragraph 29 of Plaintiff's Complaint as well as any inferences therefrom.

30. Defendants deny the allegations contained within paragraph 30 of Plaintiff's Complaint as well as any inferences therefrom.

31. Defendants deny the allegations contained within paragraph 31 of Plaintiff's Complaint as well as any inferences therefrom.

32. Defendants deny the allegations contained within paragraph 32 of Plaintiff's Complaint as well as any inferences therefrom.

33. Defendants admit the allegations contained within paragraph 33 of Plaintiff's Complaint to the extent that the Court has the authority to enter injunctive relief pursuant to 42 U.S.C. § 12188 but deny that the Plaintiff is entitled to the relief sought. Defendants deny all other allegations contained within said paragraph, as well as any inferences therefrom.

34. Any allegations not specifically admitted herein are denied.

## AFFIRMATIVE DEFENSES

35. As and for its First Affirmative Defense, these Defendants state the improvements demanded by Plaintiff are not readily achievable pursuant to 42 U.S.C. §12182(b)(2)(A)(iv).

36. As and for its Second Affirmative Defense, these Defendants state that the requested modifications by Plaintiff would fundamentally alter the nature of the public accommodation.

37. As and for its Third Affirmative Defense, these Defendants state that Plaintiff's Complaint fails to state a cause of action, as Plaintiff's alleged entries into a place of public accommodation does not automatically entitle her to a presumption that she was injured by any and all architectural barriers allegedly contained therein.

38. As and for its Fourth Affirmative Defense, these Defendants state that the relief requested herein by Plaintiff is not justified by the economic expense required to make the requisite changes.

39. As and for its Fifth Affirmative Defense, these Defendants state that the architectural and structural changes requested by Plaintiff are not fiscally manageable under the Americans with Disabilities Act.

40. As and for its Sixth Affirmative Defense, these Defendants state that Plaintiff lacks standing to sue in this action as he has not shown that she was denied access to any part of the subject property and accordingly she has not suffered an injury in fact.

41. As and for its Seventh Affirmative Defense, these Defendants state that Plaintiff's Complaint fails to state a cause of action as Plaintiff's visits to the facility fail to demonstrate that any actual injury was sustained.

*Munoz v. Krome Corners, LLC et al.*
Case No.: 1:21-cv-20405-JEM
Page **6** of **7**

42. As and for its Eighth Affirmative Defense, these Defendants state that they have met and exceeded their obligations under the Americans with Disabilities Act.

43. As and for its Ninth Affirmative Defense, these Defendants state that they have already corrected all non-ADA compliant conditions that have been alleged to exist at the subject property, such that the Plaintiff's complaint is moot.

44. As and for its Tenth Affirmative Defense, these Defendants state that the Plaintiff fails to state a claim upon which relief can be granted.

Dated: February 25, 2021

                Respectfully submitted,

                **/s/ Evan Zuckerman, Esq.**
                Evan Zuckerman, Esq.
                Fla. Bar. No. 52974
                EZuckerman@Florida-Law.com
                Attorney for Defendants
                Vernis & Bowling of Broward, P.A.
                5821 Hollywood Blvd.
                Hollywood, FL 33021
                Tel: (954) 927-5330; Fax: (954) 927-5320

*Munoz v. Krome Corners, LLC et al.*
Case No.: 1:21-cv-20405-JEM
Page **7** of **7**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of Defendants' Answer and Affirmative Defenses was served via CM/ECF upon all counsel or parties of record on February 25, 2021.

**/s/ Evan Zuckerman, Esq.**

## SERVICE LIST

Anthony Perez, Esq.
Beverly Virues, Esq.
GARCIA-MENOCAL & PEREZ, P.L.
4937 S.W. 74th Court
Miami, FL 33155
Telephone: (305) 553- 3464
Primary Email:   ajperez@lawgmp.com
Secondary Email: bvirues@lawgmp.com
                 aquezada@lawgmp.com
Attorneys for Plaintiff

Evan A. Zuckerman, Esq.
VERNIS & BOWLING OF BROWARD, P.A.
5821 Hollywood Blvd.
Hollywood, Florida 33021
Telephone: (954) 927-5330
Email: ezuckerman@florida-law.com
Attorney for Defendants